**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy and Christine Gabaldon, ) | No. 2:12-cv-01612-PHX-JAT |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| City of Peoria; Officer Juan Gabriel Luera-) | |
| Harris and Jane Doe Luera-Harris; Officer) | |
| David Barela and Jane Doe Barela; Officer) | |
| Charles Kunde and Jane Doe Kunde, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are Defendants' Motion for Reconsideration (Doc. 18), Plaintiffs' Motion to Extend Time (Doc. 19), and Plaintiffs' Motion to Strike Defendants' Response (Doc. 21). The Court also has before it Defendants' Response to Plaintiffs' Motion to Extend Time (Doc. 20) and Defendants' Response to Plaintiffs' Motion to Strike (Doc. 22). For the reasons below, the Court denies Defendants' Motion for Reconsideration, grants Plaintiffs' Motion to Extend Time, and denies Plaintiffs' Motion to Strike Defendants' Response.

**I.    FACTUAL BACKGROUND**

Plaintiffs filed their Complaint on July 26, 2012 under 42 U.S.C. § 1983 on the basis of an alleged incident occurring on July 27, 2010 involving Defendants. (Doc. 1). On December 30, 2012, the Court granted Plaintiffs additional time to serve Defendants. (Doc.

1 11). On January 30, 2013, this Court granted Plaintiffs a second extension of time, which
2 gave them until February 15, 2013 to serve Defendants (the "Order"). (Doc. 12).

3 To date, none of the Defendants has been served. (Doc. 20). Plaintiffs have hired two
4 process service companies, neither of which has been able to serve Defendants. (Doc. 19).
5 The difficulty Plaintiffs are facing is that the addresses, phone numbers, and work schedules
6 of police officers are generally not available to the public as a precaution to guard the safety
7 of the officers. (Docs. 19, 20). Plaintiffs allege that Defendants are not merely difficult to
8 find because of their status as police officers but that they are in fact purposely evading
9 service in order to avoid this lawsuit. (Doc. 19). Plaintiffs have not given a reason for their
10 failure to serve the City of Peoria.

11 Now Defendants have moved for Reconsideration of the January 30th Order granting
12 Plaintiffs' second motion to extend time. (Doc. 18). Additionally, Plaintiffs have moved a
13 third time to Extend Time to Serve Defendants (Doc. 19), and have moved to Strike
14 Defendants' Response to Plaintiffs' Motion to Extend Time (Doc. 21).

**II.   ANALYSIS**

**A.   DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. 18)**

17 No final judgment has been entered in this case. Accordingly, Defendants' Motion for
18 Reconsideration regards a non-appealable interlocutory order. This Court has adopted the
19 following standards upon which motions for reconsideration of non-appealable interlocutory
20 orders will be granted:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened *after* the Court's decision;
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court prior to the Court's decision.
> No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion.

- 2 -

*Motorola, Inc. v. JB Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (emphasis in original).

Here, Defendants have asked the Court to reconsider its January 30th Order granting Plaintiffs' motion to extend time on the basis that the Court may not have known about Plaintiffs' previous lawsuit against Defendants involving the same facts as those in this case. (Doc. 18). Even if Defendants' Motion for Reconsideration did inform the Court of facts previously unknown to the Court, these newly presented facts are not cause to grant Defendants' Motion. Reconsideration on the basis of newly discovered evidence is only appropriate when the movant "could not have known of the factual . . . differences through reasonable diligence." *Id.* at 586. Because Defendants were party to the previous lawsuit of which they have now informed this Court, they certainly were aware of these facts prior to January 30th. Therefore, Defendants are not entitled to reconsideration under part (1) of the test this Court set forth in *Motorola*.

Furthermore, Defendants are not entitled to reconsideration under any of the three remaining parts of the test. First, Defendants have not presented any new facts that occurred after this Court's January 30th Order. Second, Defendants have not brought any intervening change in controlling law to the attention of the Court, nor has the Court found any. And third, Defendants have not argued that this Court failed to consider any material facts presented to it prior to January 30th. Accordingly, Defendants are not entitled to Reconsideration.

**B.     PLAINTIFFS' MOTION TO EXTEND TIME (Doc. 19)**

Federal Rule of Civil Procedure 4(m) states,

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiffs who have not served a defendant within 120 days after the complaint is filed have "two avenues for relief. The first is mandatory: the district court must extend time for service

- 3 -

upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009) (internal citations omitted).

### 1. MANDATORY RELIEF: A SHOWING OF GOOD CAUSE

There is a four-part test for good cause, the first part of which is "good cause" itself. The Ninth Circuit Court of Appeals has said, "[a]t a minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). The Ninth Circuit has also stated that excusable neglect applies to "'situations in which failure to comply with a filing deadline is attributable to negligence.'" *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1222 (9th Cir. 2000).

Here, Plaintiffs assert that their failure to serve Defendants has arisen from actions Defendants have taken to evade service. (Doc. 19). It seems unlikely that Plaintiffs would be entirely unable to serve Defendants – even if Defendants are indeed evading service – in the absence of some negligence on the part of Plaintiffs. Nevertheless, Plaintiffs have met the minimum requirement for good cause by demonstrating excusable neglect, even if it has arisen from negligence.

Plaintiffs have also met the other three requirements for extension of time. First, Defendants clearly know about the lawsuit, given that all of them have specially appeared to respond to Plaintiffs' Motion. Second, granting Plaintiffs' Motion would not prejudice Defendants. And third, Plaintiffs would be severely prejudiced if their complaint were dismissed, because the statute of limitations would bar them from refiling.[1] Thus, Plaintiffs

---

[1] Plaintiffs have filed under 42 U.S.C. § 1983. The Ninth Circuit has stated that the applicable statute of limitations in cases brought under that statute "is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of L.A.*, 631 F.3d 1031, 1041 (9th Cir. 2011). Arizona's statute of limitations for personal injury cases is two years. A.R.S. § 12-542. This case arises from events that occurred more than two years ago, on July 27, 2010. Thus, the statute of limitations would

have demonstrated good cause, and this Court must extend time for service.

### 2. DISCRETIONARY RELIEF: A SHOWING OF EXCUSABLE NEGLECT

Even if the facts of this case did not meet the standard of good cause, it would be within the Court's discretion to grant Plaintiffs' Motion to Extend Time upon a showing of excusable neglect. In *Bateman*, the court stated, "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." 231 F.3d at 1223-1224. As stated above, extending Plaintiffs' time to serve Defendants would not prejudice Defendants. At this point, the proceedings have been delayed for quite some time, particularly due to Plaintiffs' previous requests for extensions of time. Plaintiffs' reason for the delay is perhaps best described as mediocre: even if Defendants are evading service, Plaintiffs should have found a way to serve them despite their efforts to evade. Finally, there is no reason to believe that Plaintiffs have acted with anything less than good faith. In light of these circumstances, it is within this Court's discretion to grant Plaintiffs' Motion to Extend Time to Serve Defendants.

Plaintiffs have also asked this Court to require the Peoria City Attorney to accept service on behalf of Defendants. (Doc. 19). There is no legal basis for requiring a non-party to accept service on behalf of a defendant. Defendants' counsel may agree to accept service on behalf of Defendants, but this Court will not order counsel so to do.

This Court grants Plaintiffs until July 26, 2013 to serve Defendants. *Failure to serve Defendants by that time will result in the dismissal of all unserved defendants from this case* in accordance with Federal Rule of Civil Procedure 4(m).

### C. PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' RESPONSE (Doc. 21)

Plaintiffs have also asked this Court to strike Defendants' Response to Plaintiffs'

---

bar Plaintiffs from refiling if their case were dismissed now.

- 5 -

Motion to Extend Time. Plaintiffs cite no legal basis for their request. Defendants' Response was timely. Furthermore, Defendants certainly have standing to respond on their own behalf. Thus, there is no legal basis for striking Defendants' Response.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** denying Defendants' Motion to Reconsider Extension of Time to Serve Defendants (Doc. 18).

**IT IS FURTHER ORDERED** granting Plaintiffs' Motion to Extend Time to Serve Defendants (Doc. 19) until July 26, 2013. Proofs of service of each Defendant (showing service by July 26, 2013) must be filed no later than July 31, 2013.

**IT IS FINALLY ORDERED** denying Plaintiffs' Motion to Strike Defendants' Response to Plaintiffs' Motion to Extend Time (Doc. 21).

DATED this 24th day of June, 2013.

James A. Teilborg
Senior United States District Judge